JOHN W. HAZELRIGG, ET AL., *v.* JAMES H. McGUIRE.

**Contract to Rebuild a Mill—Rents—Condemnation of Mill property by the State.**

Where the owners of mill property agree that a third person may rebuild and repair a mill and reimburse himself out of the rents and use of the mill, and after it is rebuilt the state condemns it and takes it, the person rebuilding it is entitled to participate in the money due from the state on account of such condemnation.

APPEAL FROM MORGAN CIRCUIT COURT.

September 24, 1874.

OPINION BY JUDGE LINDSAY:

The proof does not establish a contract upon the part of Hazelrigg, and Barber's heirs and representatives to pay McGuire in money for the erection of the new mill; but it does tend very strongly to show that they agreed that if he would rebuild the mill he might hold, use and control it until he was repaid the expense incurred, out of the accruing rents.

There can be no doubt that Barber's representatives were willing and anxious to have the mill built on this condition; and although Hazelrigg absolutely refused to advance any money, and insisted that if McGuire built the mill he must do it at his own risk, the circumstances proven all show that he approved the steps taken by McGuire, advised with him as to changes made in the new mill, and pointed out necessary repairs. It is not to be presumed that a sane man would build an expensive structure upon the lands of another without some arrangement for compensation. The proof in this case justified the court below in concluding that the owners of the realty accepted McGuire's proposition to look to the use of the mill for compensation.

The idea of holding McGuire responsible for the burning of the old mill is evidently an afterthought, and the proof wholly fails to show any culpable negligence on his part.

The condemnation, by the state, of the mill seat, deprived McGuire of the opportunity of running the mill until the rents reimbursed him his outlay. It in effect terminated his lease. To that extent it was the taking for public use of his property. He was interested with Hazelrigg and Barber's heirs in the property to the extent of his unsatisfied claim, and was to that extent entitled to participation with them in the amount paid for the water power by the state. The attempt to distinguish between McGuire's claim upon the mill houses and the water power is too finely drawn to be seriously regarded in a court of equity.

The conflicting accounts between the parties, growing out of the side issues introduced, seem to have been correctly settled, and as the sum allowed McGuire is not too great, the judgment in his favor must be *affirmed*.

*John W. Hazelrigg, for appellants.*
*J. J. W. Rodman, for appellee.*